Caution
As of: April 15, 2022 8:25 PM Z

# Goodman v. Fort Howard Corp.

United States Court of Appeals for the Tenth Circuit

July 18, 1994, Filed

No. 93-7067

**Reporter**
1994 U.S. App. LEXIS 17507 *

DAVID GOODMAN, Plaintiff-Appellee, v. FORT HOWARD CORPORATION, also known as Fort Howard Paper Company, Defendant-Appellant.

**Notice:** [*1] THIS ORDER AND JUDGMENT IS NOT BINDING PRECEDENT, EXCEPT UNDER THE DOCTRINES OF LAW OF THE CASE, RES JUDICATA, AND COLLATERAL ESTOPPEL. THE COURT GENERALLY DISFAVORS THE CITATION OF ORDERS AND JUDGMENTS; NEVERTHELESS, AN ORDER AND JUDGMENT MAY BE CITED UNDER THE TERMS AND CONDITIONS OF THE COURT'S GENERAL ORDER FILED NOVEMBER 29, 1993. 151 F.R.D. 470.

**Prior History:** (D.C. No. CV-92-517). (E.D. Okla.)

## Case Summary

### Procedural Posture
Plaintiff employee instituted an action against defendant employer for retaliatory discharge. The jury in a United States District Court returned a verdict in favor of the employee. The employer sought judgment as a matter of law or a new trial, both of which were denied by the district court. The employer appealed.

### Overview
The employer appealed the district court's denial of its motions for a judgment as a matter of law or a new trial after a jury returned a verdict for the employee in his action for retaliatory discharge. On appeal, the court held that there was evidence that the employee was terminated as a result of his filing a workers' compensation claim and that the employer's reason for the discharge were merely pretext. The jury award was proper because the employer failed to produce any evidence indicating that there existed suitable positions which the employee could have discovered and for which he was qualified. The jury's award for emotional distress was specifically provided for in state law. The jury instructions were proper because 1) they provided the jury with an understanding of the central issues in the case, 2) they were based on the evidence adduced at trial, and 3) they sufficiently directed the jury to refrain from speculating on the district court's view concerning liability issues. The employer was not entitled to costs even though it prevailed on two of the three claims because the employer was not the prevailing party in the central and contested issue at trial.

### Outcome
The court affirmed the order of the district court.

**PLAINTIFF'S EXHIBIT 12**

**Judges:** Before BALDOCK and EBEL, Circuit Judges, and SHADUR, District Judge. **

**Opinion by:** BOBBY R. BALDOCK

**Opinion**

ORDER AND JUDGMENT *

Defendant [*2] Fort Howard Corporation appeals a jury verdict in favor of Plaintiff David Goodman in this retaliatory discharge action. We have jurisdiction pursuant to 28 U.S.C. 1291.

In June 1983, Defendant hired Plaintiff to work in its paper mill in Muskogee, Oklahoma. From 1983 to 1989, Plaintiff received numerous warnings for violations of Defendant's safety rules. Following the receipt of a warning in June 1989, Defendant gave Plaintiff a written notice which stated that future safety violations would result in his discharge.

One year later, Defendant transferred Plaintiff to its Poly Plant where Plaintiff worked as a press operator. The transfer occurred pursuant to Defendant's "unwritten" policy by which an employee could be considered for a transfer despite the existence of numerous safety violations in his or her personnel record if the employee had no disciplinary warnings in his or her record for at least six months.

On February 11, 1991, Plaintiff was injured at work when his right hand became caught in a machine he was operating. As a result of the accident, Plaintiff sustained injuries which required the amputation of the tip of his right little [*3] finger and a skin graft on his right ring finger. Following the accident, Defendant conducted an investigation which revealed that a safety guard had been removed from the machine and had been stored in another part of the plant. At trial, one of Defendant's supervisors testified that the safety guard had been removed by another employee in order to increase production. Following the completion of the investigation, Defendant concluded that Plaintiff had not violated any safety rules with respect to the accident.

On March 4, 1991, Plaintiff returned to work with a medical restriction prohibiting heavy use of his right hand. Defendant transferred Plaintiff to its shipping department and placed Plaintiff in charge of operating a fork lift. On April 9, 1991, Plaintiff filed a workers' compensation claim.

On August 22, 1991, Pam Reganall, Plaintiff's supervisor in the shipping department, observed that Plaintiff had failed to wear safety boots for almost three hours during his shift. Thereafter, Defendant discharged Plaintiff on August 27, 1991, citing Plaintiff's failure to wear safety boots and his numerous safety violations as reasons for the discharge. Following his discharge, Plaintiff [*4] enrolled in college as a full-time student and did not seek full-time employment.

On June 29, 1992, Plaintiff sued Defendant in state court under Oklahoma law alleging (1) wrongful discharge in retaliation for filing a worker's compensation claim; (2) wrongful discharge in retaliation for filing a charge of handicap discrimination with the Oklahoma Human Rights Commission; and (3) wrongful discharge based on handicap. Defendant then

---

** The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. **151 F.R.D. 470**.

removed the action to federal district court and moved for summary judgment as to all of Plaintiff's claims. On February 26, 1992, the district court granted Defendant's motion for summary judgment as to Plaintiff's claim for wrongful discharge based on handicap. The court denied Defendant's motion as to the remaining claims.

At trial, Defendant claimed that Plaintiff had been discharged for reasons unrelated to his injury or filing of a workers' compensation claim. Specifically, Defendant claimed it had terminated Plaintiff due to the numerous safety violations committed by Plaintiff during his employment. After a three-day jury trial, the jury returned a verdict in favor of Defendant on Plaintiff's claim for retaliatory discharge due to his filing of [*5] a handicap discrimination claim. The jury returned a verdict in favor of Plaintiff, however, on his claim for wrongful discharge in retaliation for filing a workers' compensation claim. The jury awarded Plaintiff $ 100,000 in damages.

Following the jury's verdict, Defendant moved for a judgment as a matter of law and alternatively for a new trial. Defendant also filed a bill of costs contending it was the prevailing party in the lawsuit. The district court denied both motions and the bill of costs. Defendant now appeals.

On appeal, Defendant contends the district court erred by: (1) refusing to grant Defendant's motion for judgment as a matter of law or in the alternative, for a new trial; (2) improperly instructing the jury; and (3) denying Defendant's bill of costs. We address each of Defendant's arguments in turn.

I.

Defendant contends the district court erred in failing to grant his motion for judgment as a matter of law, or in the alternative, for a new trial, because the evidence was insufficient (1) to show Plaintiff's discharge was motivated by retaliatory intent, and (2) to support an award of compensatory damages in the amount of $ 100,000. "We review the district court's [*6] denial of a motion for judgment as a matter of law de novo." Brown v. Wal-Mart Stores, Inc., 11 F.3d 1559, 1563 (10th Cir. 1993) (citations omitted). We determine whether the jury could properly find a verdict for the party against whom the motion is directed based upon the evidence presented at trial. Id. We construe the evidence and inferences in favor of the nonmoving party and refrain from weighing the credibility of witnesses, or substituting our judgment for that of the jury. Id. "Although federal law dictates whether a judgment as a matter of law is appropriate, in a diversity action we examine the evidence in terms of the underlying burden of proof as dictated by state law." Id. We review the district court's denial of a motion for new trial for an abuse of discretion. FDIC v. United Pacific Ins. Co., 20 F.3d 1070, 1079 (10th Cir. 1994).

A.

Defendant first argues the evidence was insufficient to show Plaintiff's discharge was significantly motivated by retaliation in response to filing a workers' compensation claim. We disagree.

Under Oklahoma law, in order to prevail on a retaliatory discharge claim, [*7] "the employee must prove: (1) employment; (2) a job related injury; (3) medical treatment so that the employer is put on notice or a good faith start of Workers' compensation proceedings; and (4) consequent termination." Wallace v. Halliburton Co., 850 P.2d 1056, 1059 (Okla.

1993). In proving the fourth element--consequent termination--the employee must produce evidence that the employer's proffered reasons for the discharge were pretextual, *Buckner v. General Motors Corp., 760 P.2d 803, 807 (Okla. 1988)*, and that "the discharge was significantly motivated by retaliation for the employee exercising statutory rights." *Wallace, 850 P.2d at 1059*.

In the instant case, Defendant concedes that the evidence at trial showed that Plaintiff (1) had been employed by Defendant; (2) sustained a work-related injury; and (3) filed a workers' compensation claim. However, Defendant contends there was insufficient evidence to show that its proffered reasons for Plaintiff's discharge were pretextual and that the discharge was significantly motivated by retaliation in response to filing a workers' compensation [*8] claim.

Although Defendant claimed at trial that Plaintiff had been terminated as a result of his previous safety violations and for his failure to wear safety boots during his shift, Plaintiff testified that following the receipt of his final safety warning in June 1989, management informed him that his "slate would be wiped clean" if he did not commit any other safety infractions. The evidence also indicated that Defendant had promoted and transferred Plaintiff to its Poly Plant in June 1990 despite the fact that Plaintiff had received numerous warnings for safety violations prior to the transfer. From this evidence the jury could have concluded that Defendant had excused the majority of Plaintiff's safety violations. As to Plaintiff's failure to wear safety boots, the evidence indicated that Defendant had never discharged an employee for a one-time failure to wear safety boots. From this evidence, the jury could have reasonably concluded Defendant's proffered reasons for terminating Plaintiff--*i.e.*, failure to wear safety boots and accumulated safety violations--were pretexual.

Furthermore, the evidence at trial indicated that prior to Plaintiff's injury, Defendant had granted [*9] Plaintiff a job transfer, promotion, and several pay increases. However, after Plaintiff suffered his injury--an injury that Defendant knew could support a workers' compensation claim--Defendant considered demoting or transferring Plaintiff to another department or terminating his employment. In fact, Defendant did ultimately transfer and demote Plaintiff to its shipping department. Moreover, only four months after Plaintiff filed a workers' compensation claim, Plaintiff was terminated. From this evidence, the jury could reasonably conclude Plaintiff's discharge was significantly motivated by retaliation in response to Plaintiff's filing a workers' compensation claim. Although Defendant presented conflicting evidence, it was for the jury to decide what weight the evidence would be afforded.

B.

Defendant also claims the jury's award of damages in the amount of $ 50,000 for lost wages and benefits and $ 50,000 for emotional distress was excessive and unsupported by the evidence. We disagree.

1.

Defendant argues the jury's award of $ 50,000 in lost wages and benefits was excessive and unsupported by the evidence because: (1) Plaintiff failed to use reasonable efforts to mitigate [*10] damages by refusing to seek full-time employment following his discharge, and (2) Plaintiff stipulated in a pretrial order that he only sought a maximum of $ 43,000 in

both lost wages and benefits.

Employees claiming entitlement to back pay and benefits are required to make reasonable efforts to mitigate damages. *Aguinaga v. United Food & Com. Workers Intern., 993 F.2d 1463, 1474 (10th Cir. 1993)*, cert. denied, 127 L. Ed. 2d 75, 114 S. Ct. 880 (1994). The employer bears the burden of showing that the employee did not exercise reasonable diligence in mitigating damages. *Id.* To satisfy this burden, the employer must establish that: (1) there were suitable positions which the employee could have discovered and for which he or she was qualified, and (2) the employee failed to use reasonable diligence in seeking such positions. *Id.* An employer may satisfy the second prong of its burden--*i.e.*, that the employee failed to use reasonable diligence--by showing that the employee was not "ready, willing and available" for employment by withdrawing from the job market and returning to school as a full-time [*11] student. *See Taylor v. Safeway Stores, Inc., 524 F.2d 263, 268 (10th Cir. 1975)* (employee who returns to school is no longer available for employment and thus not entitled to backpay), *overruled on other grounds by Ruckelshaus v. Sierra Club, 463 U.S. 680, 77 L. Ed. 2d 938, 103 S. Ct. 3274 (1983)*; see also *Miller v. Marsh, 766 F.2d 490, 493 (11th Cir. 1985)* (employee who withdraws from the job market and attends school full-time fails to exercise diligence in mitigating damages).

In the instant case, Defendant failed to produce any evidence indicating that there existed suitable positions which Plaintiff could have discovered and for which he was qualified. Consequently, Defendant did not meet its burden of showing that Plaintiff failed to mitigate damages. Given this failure of proof, Plaintiff's status as a full-time student is irrelevant.

As to Defendant's second argument concerning the pretrial order, the record indicates that Plaintiff sought $ 43,000 in lost wages and benefits in the pretrial order and stated that the amount claimed was "accruing." Thus, [*12] contrary to Defendant's contention, $ 43,000 was not the maximum amount of damages claimed by Plaintiff and the jury's return of a damage award in excess of that amount does not indicate that the damage award was excessive or unsupported by the evidence.

2.

Defendant next argues the jury's award of damages in the amount of $ 50,000 for emotional distress was excessive and unsupported by the evidence. Under Oklahoma law, an employee who is discharged for filing a workers' compensation claim may recover mental anguish damages. *Canady v. J.B. Hunt Transport, Inc., 970 F.2d 710, 715 (10th Cir. 1992)*.

At trial, Plaintiff testified that he suffered feelings of humiliation following his discharge. Furthermore, Plaintiff's psychologist testified that Plaintiff suffered from a mild form of depression for two months following his discharge. Given this testimony and because "emotional distress is an intangible damage, and is an issue of fact within the [province] of the jury," *id.*, we conclude the jury's damage award for emotional distress was supported by the evidence and not excessive.

In sum, we conclude the district court did not err in denying Defendant's [*13] motion for judgment as a matter of law. We further conclude the court did not abuse its discretion in denying Defendant's alternative motion for new trial.

II.

Defendant next argues the district court erroneously instructed the jury in five instances. In reviewing a challenge to a jury instruction, we consider the instructions in their entirety. *Brown v. Wal-Mart Stores, Inc., 11 F.3d 1559, 1564 (10th Cir. 1993)*. We determine whether the instructions stated the governing law and provided the jury with an ample explanation of the issues of the case. *Id.* We consider "all that the jury heard and, from the standpoint of the jury, decide not whether the charge was faultless in every particular but whether the jury was misled in any way and whether it had an understanding of the issues and its duty to determine those issues." *Id.* We will reverse only if the error is determined to have been prejudicial, based upon a review of the record as a whole. *Id.* The exclusion of a jury instruction is within the discretion of the district court. *Id.*

A.

Defendant contends the district court's instruction concerning the elements of a retaliatory discharge [*14] claim was misleading and inaccurate. In instructing the jury, the district court set forth the elements of a retaliatory discharge claim as follows:

The plaintiff has the burden of proving each of the following essential elements of his claim for retaliatory discharge for filing a Workmen's [sic] Compensation claim:

(1) *that plaintiff in good faith instituted or caused to be instituted a proceeding under Workers' Compensation laws or filed a Workers' Compensation claim*;

(2) that defendant terminated plaintiff's employment;

(3) that a significant factor in defendant's decision to terminate plaintiff's employment was that plaintiff filed a Workers' Compensation claim; and

(4) that defendant's termination of plaintiff's employment caused him to sustain damages.

In connection with the first element above, a claim is made in good faith if made with honesty of purpose. Additionally, a proceeding under Workers' Compensation laws is instituted or caused to be instituted when an employee seeks medical treatment for an on-the-job injury under circumstances which would lead a reasonable employer to infer that a Workers' Compensation claim would in all probability result.

(emphasis [*15] added).

Defendant claims this instruction was misleading and inaccurate because although it was undisputed that Plaintiff had filed a workers' compensation claim, the instruction included confusing language concerning the institution of or "causing to be instituted" a proceeding under workers' compensation laws. Because of this confusing language, Defendant argues, the instruction failed to focus the jury's attention on the central issue of the case--*i.e.*, whether Plaintiff was discharged because he filed a workers' compensation claim.

We reject Defendant's contention. The district court's instruction was a correct statement of the law. *See, e.g.*, *Buckner v. General Motors Corp., 760 P.2d 803, 806-08 (Okla. 1988)* (employee must show that he in good faith instituted or caused to be instituted proceedings under workers' compensation laws or filed a claim). Furthermore, the court's instruction clearly required the jury to find that the filing of a workers' compensation claim constituted a

significant factor in Defendant's decision to terminate Plaintiff's employment. As a result, the district court's instruction focused the jury's attention [*16] on the central issue in the case--*i.e.*, whether Plaintiff had been discharged for filing a workers' compensation claim, and was not inaccurate or misleading.

B.

Defendant next contends the district court erred in refusing to: (1) instruct the jury that fairness was not an issue in the case, and (2) instruct the jury concerning employment-at-will. Defendant claims the fairness instruction was necessary because the jury could have found it liable not because Plaintiff had been discharged for filing a workers' compensation claim but rather because his discharge was unfair. Defendant claims the employment-at-will instruction was necessary in order to advise the jury that Defendant could have discharged Plaintiff at any time during his employment without giving rise to liability for wrongful discharge, but instead chose to retain Plaintiff and counsel him concerning his safety violations.

As a whole, the district court's instructions provided the jury with an understanding of the central issues in the case. The court's instructions clearly informed the jury of the elements of Plaintiff's claims and that Defendant was liable for terminating Plaintiff's employment only if it discharged [*17] Plaintiff in retaliation for filing a workers' compensation claim. Furthermore, the court instructed the jury to return a verdict in favor of Defendant in the event Plaintiff failed to prove the elements of a retaliatory discharge claim. Given these instructions, we conclude the district court's decision to exclude Defendant's proffered fairness and employment-at-will instructions was not an abuse of discretion.

C.

Defendant next argues the district court erroneously instructed the jury concerning Plaintiff's duty to mitigate damages by excluding its proffered mitigation instruction. The court set forth Plaintiff's duty to mitigate damages as follows:

In fixing the amount of money which will reasonably and fairly compensate the plaintiff, you are to consider that plaintiff must exercise reasonable diligence to minimize existing damages to prevent further damages. If any damage results from a failure to exercise such diligence, damages cannot be recovered for such loss.

Defendant claims this instruction was incomplete because it failed to state that Plaintiff's failure to seek full-time employment following his discharge could constitute unreasonable diligence in the mitigation [*18] of damages.

As stated *supra* Part I.B.1., Defendant failed to produce any evidence establishing that suitable full-time positions were available to Plaintiff and consequently did not meet its burden of showing that Plaintiff failed to mitigate damages. *See also* Aguinaga, 993 F.2d at 1474. As a result, Defendant was not entitled to its proffered instruction.

D.

Defendant also claims the district court erred in failing to tender its proposed "Clarification on Damages" instruction to the jury. Defendant's proposed instruction stated:

You have been instructed on the subject of the measure of damages in this action because it is my duty to instruct you as to all the law that may become pertinent in your deliberations.

The fact that you have been instructed on the subject of damages must not be considered as intimating any view of my own on the issue of liability or as to which party is entitled to your verdict.

Defendant claims that without the proposed instruction, the jury could have inferred that because the trial judge gave a damages instruction, the judge believed Defendant was liable for any injury suffered by Plaintiff. We disagree.

The district [*19] court's instructions clearly informed the jury that they were "the judges of the facts, the weight of the evidence, and the credibility of the witnesses." Furthermore, the court's instructions required the jury to assess damages "if and only if" the jury found Plaintiff was entitled to recover on his claim. Based on these instructions, we conclude the court sufficiently directed the jury to refrain from speculating on the judge's view concerning liability issues, and the court did not abuse its discretion in refusing to submit Defendant's proffered instruction to the jury.

III.

Finally, Defendant contends the district court erred in denying its request for costs. *See Fed. R. Civ. P. 54(d)*. We review the district court's award of costs for an abuse of discretion. *Howell Petroleum Corp. v. Samson Resources Co., 903 F.2d 778, 783 (10th Cir. 1990)*.

Plaintiff's lawsuit alleged three causes of action all of which asserted that he had been the victim of retaliatory discharge. Plaintiff received a favorable jury verdict on his claim for wrongful discharge in retaliation for filing a workers' compensation claim and received an award of damages in the amount [*20] of $ 100,000. However, Defendant successfully prevailed on the remaining claims brought by Plaintiff.

Under *Rule 54(d)*, "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." For purposes of *Rule 54(d)*, a party need not prevail on all issues in order to be considered the prevailing party. *See, e.g., Roberts v. Madigan, 921 F.2d 1047, 1058 (10th Cir. 1990)* (awarding costs to party who prevailed on the majority but not all of the issues at trial), *cert. denied*, 120 L. Ed. 2d 896, 112 S. Ct. 3025 (1992).

Defendant argues it was the prevailing party for purposes of awarding costs because it successfully prevailed on two of three claims brought by Plaintiff. In support of this contention, Defendant relies on *Roberts, 921 F.2d at 1058*. In *Roberts*, we affirmed the discretionary decision of the district court to award costs to a defendant who prevailed on the vast majority of issues and on those that were truly contested at trial. *Id.* In so holding, we stressed that the district court had "broad discretion" to award costs to [*21] a party in a lawsuit. *Id.*

Unlike the defendants in Roberts, in the instant case, Defendant did not prevail on the central and contested issue at trial--*i.e.*, whether Plaintiff had been wrongfully discharged. Rather, Plaintiff successfully maintained an action for wrongful discharge in retaliation for filing a workers' compensation claim and received an award of damages in the amount of $ 100,000. Under these circumstances, we find the district court did not abuse its discretion in determining Plaintiff was the prevailing party and denying Defendant's bill of costs.

AFFIRMED.

Entered for the Court

Bobby R. Baldock

Circuit Judge

---

**End of Document**