IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN BRAXTON CASEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CIV-21-0468-HE |
| ) | |
| QUEST GLOBAL SERVICES, NA, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff John Casey filed this case alleging that he was unlawfully terminated from his employment with defendant QuEST Global Services, NA, Inc. due to a disability in violation of the Americans with Disability Act and the Oklahoma Anti-Discrimination Act. Plaintiff has moved for partial summary judgment as to two specific issues: (1) that he is disabled within the meaning of the ADA due to suffering from epilepsy, and (2) that defendant cannot establish its affirmative defense of failure to mitigate. Defendant responded to the motion conceding that plaintiff is disabled within the meaning of the ADA. Plaintiff's motion will be granted as to this issue. But defendant disputes that plaintiff is entitled to judgment as a matter of law on its affirmative defense. The motion is fully briefed and at issue.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A genuine dispute as to a material fact exists when the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable

jury could return a verdict for the non-moving party." Carter v. Pathfinder Energy Servs., Inc., 662 F.3d 1134, 1141 (10th Cir. 2011) (quotations and citation omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Given a properly supported motion for summary judgment on an affirmative defense, a non-movant must respond with significantly probative evidence demonstrating a need for trial on that defense." Hall v. Allstate Fire and Cas. Co., 20 F.4th 1219, 1323 (10th Cir. 2021) (citations omitted).

To establish the affirmative defense of failure to mitigate damages a defendant must show (1) "that there were suitable positions available which plaintiff could have discovered and for which he was qualified; and (2) that plaintiff failed to use reasonable care and diligence in seeking such a position." McClure v. Independent Sch. Dist. No. 16, 228 F.3d 1205, 1214 (10th Cir. 2000). Defendant points to evidence in the record addressing both elements of the defense.

With respect to the first prong, defendant highlights multiple emails plaintiff received regarding available engineering positions in the Oklahoma City area for which plaintiff may have been qualified. With respect to the second prong, defendant highlights evidence that indicates plaintiff may have stopped searching for new jobs when his unemployment benefits expired — to receive such benefits, plaintiff was required to submit job search logs. Plaintiff counters that, despite the inference that he was not actively employment during this period, his resume was available on online employment sites and that he continued to make job inquiries.

Whether there were suitable positions available for plaintiff or not, the court concludes the question turns on the reasonableness of plaintiff's efforts in seeking new employment — a question that is often best left to the tryer of fact.  The court concludes that defendant has raised a genuine issue of material fact as to its failure to mitigate damages defense.

Accordingly, plaintiff's Motion for Partial Summary Judgment [Doc. #38] is **GRANTED in part** and **DENIED in part**.  The motion is granted as to plaintiff's disability but denied as to defendant's affirmative defense of failure to mitigate damages.

**IT IS SO ORDERED**.

Dated this 7th day of June, 2022.

JOE HEATON
UNITED STATES DISTRICT JUDGE